**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Sheldon Fleck, on behalf of himself and all other shareholders of Destron Fearing Corporation,

Plaintiff,

v.

Destron Fearing Corporation,

Defendant.

Civil No. 00-2078 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

James Dorsey, Esq., Fredrikson & Byron, P.A., 1100 International Centre, 900 Second Avenue South, Minneapolis, MN 55402, on behalf of Plaintiff.

Darron Knutson, Esq., Winthrop & Weinstine, P.A., 3000 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402, on behalf of Defendant.

---

## Introduction

The above-entitled matter came on for a telephonic hearing before the undersigned United States District Judge on September 7, 2000, pursuant to Plaintiff's Application for a Temporary Restraining Order. Plaintiff Sheldon Fleck ("Fleck") claims that proxy statements issued by Defendant Destron Fearing Corporation ("Destron") in connection with its merger with Applied Digital Solutions ("ADSX") contained materially misleading statements in violation of section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Rule 14a-9 promulgated thereunder. Moreover, Fleck maintains that Robert Jackson, ADSX's Director of Investor Relations, engaged in proxy solicitation without being listed as a solicitor in the proxy materials in further violation of Rule 14a. Because of these allegedly misleading statements and improper solicitation, Plaintiff seeks to enjoin a shareholders' meeting and vote on the merger

SEP 07 2000
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

scheduled for Thursday, September 7, 2000, at 6:00 p.m. CST. For the reasons stated, the Application is denied.

The test for whether a temporary restraining order should issue was set forth by the Eighth Circuit in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.3d 109 (8th Cir. 1981). A restraining order or an injunction may be granted only on consideration of:

(1) the threat of irreparable harm to the movant;

(2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;

(3) the probability that movant will succeed on the merits; and

(4) the public interest.

*Id.* at 113. Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). The party requesting the injunctive relief bears the "complete burden" of proving all the factors listed above, *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

In this instance, the Court finds the issue of irreparable harm to be determinative. Despite Plaintiff's assertions to the contrary, the Court finds that Plaintiff–and the shareholders he purports to represent–have an adequate remedy at law. The harm that Plaintiff alleges can be adequately compensated by monetary damages, or by a later court order voiding the allegedly invalid shareholder vote.

Moreover, the Court finds that, in balancing the potential harms, the Defendant is more likely to suffer egregious, irreparable harm than is the Plaintiff. The Court finds that the Defendant (and potentially Defendant's shareholders) are likely to suffer significant harm, potentially irreparable, if the Court does grant the Temporary Restraining Order. Specifically,

ADSX has represented to Destron that it will exercise an alleged right to terminate the agreement[1] if the merger is not approved by Destron shareholders today. Plaintiff asserts that ADSX's right to terminate the agreement has not yet accrued[2]; in other words, ADSX's threat is an empty one. However, even if ADSX does not have the right it claims it will assert, the assertion itself will likely precipitate more litigation and/or delay to the potential merger.

Similarly, the scheduled shareholder's meeting is in fact the result of several reschedulings. The originally noticed date for the meeting was August 8, 2000. If the Court compels further delay in the meeting–thus postponing the meeting to a date more than 30 days after the originally noticed date–Destron will, according to this Court's reading of the Delaware statute provided, be forced to provide new notice of the hearing. If Destron is forced to provide new notice, Destron asserts that it will not be able to hold the meeting prior to the September 30 drop-dead date. Plaintiff argues that such re-noticing requires a simple mailing of postcards to the shareholders, an action which will cost no more than $1000 dollars, and only requires a 10-day delay. First, the Court notes that $1000 may be a trivial sum in the context of a corporate merger, but it is a considerable expense. Second, the Court doubts that the expense would be limited to the mailing of the postcards; expenses associated with securing a meeting facility, renewing solicitation efforts, and transportation for any out-of-town shareholders could push up the $1000 figure considerably. Finally, and most importantly, the Court questions whether the

---

[1] "Under Paragraph 7.2(e) of the Merger Agreement, ADSX has the right to cancel the transaction if more than five percent (5%) of Destron's shareholders exercise their dissenters' rights under the Delaware General Corporation Law." Fleck himself owns 6% of Destron's common stock and has asserted dissenters' rights.

[2] Specifically, Plaintiff notes that Paragraph 7.2(e) gives ADSX the right to cancel if more than five percent of Destron's shareholders actually perfect their dissenters' rights, and dissenters' rights cannot be perfected until after the merger is approved.

delay could be limited to 10 days. Again, securing a site for the rescheduled meeting and preparing the notices could easily push the notification date into next week. Allowing 10 business days, as required by law, pushes the meeting date dangerously close to the September 30 drop-dead date.

In short, Plaintiff has failed to allege any truly irreparable harm. In contrast, Defendant has asserted facts which would suggest at least some minimal harm related to a postponement, and a potentially devastating, irreparable harm if the delay results in the collapse of the merger agreement, either through delay beyond the September 30 drop-dead date or through ADSX's withdrawal from the agreement. As a result, the Court finds that Plaintiff's Motion for Temporary Restraining Order should be denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application for a Temporary Restraining Order is **DENIED**.

Dated: September 7, 2000

DONOVAN W. FRANK
Judge of United States District Court